IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2007

# WILLIAM EARL WILSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-C-1982     Monte Watkins, Judge**

---

**No. M2007-00505-CCA-R3-PC - Filed March 10, 2008**

---

The petitioner, William Earl Wilson, appeals the denial of his petition for post-conviction relief and argues that his guilty plea was not entered into knowingly and voluntarily and that he did not receive effective assistance of counsel. On December 8, 2005, the petitioner entered a plea of guilty to aggravated robbery, a Class B felony, and was sentenced to twenty years as a career offender. Specifically, the petitioner argues that his level of education and history of mental illness should invalidate his guilty plea and that counsel should have had him evaluated for competency prior to entering the guilty plea. After careful review, we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, William Earl Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Deborah Housel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The petitioner was indicted by the Davidson County Grand Jury for aggravated burglary, especially aggravated kidnaping, aggravated robbery, two counts of theft of property, and two counts of evading arrest. He pled guilty to aggravated robbery, a Class B felony, in violation of Tennessee Code Annotated section 39-13-402 and agreed to a twenty-year sentence, as a career offender, to be served in the Tennessee Department of Correction. The petitioner filed a petition for post-conviction relief, was appointed counsel, and filed an amended petition for post-conviction relief. Following a hearing, the post-conviction court dismissed the petition. This appeal followed.

The facts introduced during the guilty plea hearing revealed that police officers witnessed the petitioner and an associate tossing cases of beer into a vehicle at a Mapco store at approximately 12:13 a.m. on May 21, 2005. At that time, one of the officers was notified of a theft of beer from Mapco involving two suspects fitting the description of the subjects he had just seen. The officer followed the car from the scene. The license plate number revealed that the car had been reported stolen on April 27, 2005. The officers attempted a traffic stop, but the driver, who was later identified as the petitioner, refused to stop. Eventually, the petitioner "bailed out of the car" and fled on foot before successfully evading the pursuing officer. However, the petitioner's associate, David Short, was apprehended.

At 12:34 a.m., Benjamin Smith was watching television inside his residence when the petitioner entered through an unlocked door, grabbed Mr. Smith, and held him with a hammer raised above his head. The petitioner led Mr. Smith through the house. The petitioner ordered Mr. Smith to give him his car keys and told Mr. Smith that he would "see his brains" if he lied. Mr. Smith's roommate witnessed some of the events and was responsible for retrieving Mr. Smith's car keys. The petitioner led Mr. Smith to the basement and forced him to surrender his wallet and keys. The petitioner fled the residence and took Smith's vehicle. The petitioner was later apprehended and gave a statement to police admitting his involvement in all the events.

During the post-conviction hearing, the petitioner testified that he pled guilty to aggravated robbery and received a sentence of twenty-years at sixty percent. He testified that he was thirty-five years old and had an eighth-grade education so he could read and write only "a little bit." The petitioner said that, prior to entering his guilty plea, he met with his appointed counsel at the courthouse only once or twice. He said that he wrote letters to his counsel but received no response. He testified that he did not tell counsel that he was under a doctor's care or that he suffered from mental illnesses.

The petitioner recalled that he informed the judge that, on the day he entered his plea, he was not on any medication and he understood what he was doing. He said counsel advised him of the charges against him and of his exposure with regard to possible sentencing. He said that they did not discuss any possible defenses because they only met for seven minutes. The petitioner testified that counsel did not discuss the option of conducting a suppression hearing, but he did acknowledge that she provided him with the discovery materials. The petitioner said he and his counsel did not discuss his allegation that he was under the influence of narcotics at the time he made his statement to police and contends that counsel did not inquire whether he was using drugs when he was questioned.

The petitioner said he had been in nine or ten different mental institutions since the age of fourteen for treatment of his mental health issues. He testified that his main complaint regarding his counsel was that he felt rushed into his decision. He said that he was afraid of losing the good deal of twenty years at sixty percent because the other charges were dismissed. The petitioner said counsel told him he would not get convictions for lesser included offenses and lesser times. He said that, if he had everything to do over again, he would have proceeded to trial.

During cross-examination, the petitioner acknowledged that, before the underlying charges were filed against him, he had twelve prior felony convictions. He also acknowledged that he was serving a ten-year Community Corrections sentence at the time of the underlying offense, which was revoked prior to the instant guilty plea. Counsel worked out an agreement which enabled the petitioner 's twenty-year sentence to run concurrently to the ten-year sentence he violated with the underlying charge. The petitioner testified that he had always pled guilty when charged previously.

Next, the petitioner's trial counsel testified that she was appointed to represent the petitioner in her capacity as an assistant public defender. She said that she had previously represented the petitioner and had other information about the petitioner that she could utilize in her representation. She said that she personally met with the petitioner at least four times, in addition to a meeting between the petitioner and their investigator. Additionally, she testified that she had contact with the petitioner via telephone and letters.

Counsel testified that she conducted the preliminary hearing and said she had no problems communicating with the petitioner. She said that the notes she received from their investigator indicated that the petitioner had mental illness. She discussed mental illness with the petitioner the first time that she met with him.

Counsel testified that this was not a case of complex legal issues and that, basically, the petitioner was observed stealing beer and then ran from the police. This led to the petitioner's arrest and to his voluntarily taking responsibility for his actions. She said that she discussed with the petitioner the facts of the case and how the law applied to those facts and told him that she did not feel he had any kind of plausible defense. She testified that she and the petitioner discussed his sentencing exposure in specific detail on at least two different dates and that she also sent it to him in writing. She said that he understood what concurrent meant and that he requested that his new sentence run concurrently to his existing community corrections sentence. Counsel said that it appeared to her that the petitioner understood what she told him.

Counsel said that she received an extensive amount of correspondence from the petitioner and believed that he wrote very well. She said there was a phase in their discussion when the petitioner said he would not plead. On the day the plea was entered, counsel said that she did not recall any indication that the petitioner did not know what he was doing.

During cross-examination, counsel testified that she met with the petitioner for an hour on the day the plea was entered. She said the initial plea offer from the State was twenty years at one hundred percent, and she negotiated it down to sixty percent on the day of the plea. She did not see a basis for a mental evaluation of the petitioner. Counsel testified that the petitioner wrote her a letter a week after he entered his plea and stated that she had done all she could for him and that he appreciated it very much. He later asked her to file a "court cost Indigency Petition" for another case, and she told him he would need to contact the private attorney who represented him in that matter.

The post-conviction court denied the petition for post-conviction relief by written order entered February 21, 2007. In its order, the court found that the petitioner did not establish any of his allegations by clear and convincing evidence. The post-conviction court recalled that, prior to entry of his plea, there was a lengthy colloquy with the petitioner, discussing the fact that he had the choice to enter a plea or proceed to trial. At that time, the petitioner indicated that he was voluntarily choosing to enter a plea. Finally, the post-conviction court did not find the testimony of the petitioner to be credible.

Analysis

On appeal, the petitioner argues two points: 1) His plea was not entered into knowingly and voluntarily; and 2) He received ineffective assistance of counsel. For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052 (1984). As to guilty pleas, the petitioner must establish that, but for counsel's errors, the petitioner would not have entered the plea and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366 (1985). This court will not disturb the findings of fact entered by the post-conviction court unless the evidence preponderates against them. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. at 687. This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and that, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. at 59.

In Baxter v. Rose, 523 S.W.2d at 936, our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d at 456 -57.

Here, the petitioner challenges the post-conviction court's denial of his petition for post-conviction relief and specifically contends that his guilty plea was not knowingly and voluntarily entered because he received ineffective assistance of counsel. However, the petitioner acknowledged that he understood the rights read to him during the plea hearing. To determine whether the plea was knowing and voluntary, we look at the totality of the circumstances, including the factors stated by our supreme court in Powers v. State, 942 S.W.2d 551, 556 (Tenn. 1996): the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he is represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial.

After consideration of these factors, we conclude that the petitioner entered his plea voluntarily. The petitioner testified at the post-conviction hearing that he made the decision to plead guilty because of the potential sentencing exposure if he proceeded to trial. He also testified that he had been convicted of twelve prior felonies and that he pled guilty in each conviction. Twelve prior felony convictions stemming from twelve prior guilty pleas before the age of thirty-five demonstrate that the petitioner was familiar with criminal proceedings because he was a career criminal. Further, the evidence demonstrates that the petitioner pled guilty to avoid a greater penalty at trial. The petitioner was facing seven total charges at the time he entered his plea agreement. The petitioner has failed to carry his burden of demonstrating by clear and convincing evidence that his guilty plea was not knowingly and voluntarily entered.

Next, the petitioner contends that counsel was ineffective because she only met with him once or twice and she should have had him evaluated for competency prior to entry of his guilty plea. However, the testimony elicited at trial demonstrated that counsel met with the petitioner no less than four times, in addition to telephone conversations and written letters. Counsel was responsible for conducting the petitioner's preliminary hearing, looked into the petitioner's alleged mental issues, and spent an adequate amount of time with the petitioner to discuss the facts of the case and how the law applied to those facts. Counsel also successfully negotiated the petitioner's plea agreement from a release eligibility of one hundred percent down to sixty percent, in addition to arranging for the dismissal of the other six charges. The petitioner acknowledged that he accepted the plea offer because he did not want to face the kidnaping charges.

The petitioner has failed to show by clear and convincing evidence that counsel was deficient. He has made no attempt to demonstrate that he would have proceeded to trial and, therefore, has not met the burden established in Hill v. Lockhart.

Conclusion

Based on the foregoing and the record as a whole, we affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE